UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PIERRE-HENRI FILS-AIME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01828-JPH-TAB |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS**

Pierre-Henri Fils-Aime brought this suit against his former employer, United Parcel Service, Inc., alleging that he was terminated due to his race and disability. UPS has moved for judgment on the pleadings for failure to exhaust administrative remedies with respect to Mr. Fils-Aime's disability claim. For the reasons that follow, that motion is **GRANTED**. Dkt. [23].

**I.
Facts and Background**

Because UPS has moved for dismissal under Rule 12(c), the Court accepts and recites the well-pleaded facts in the complaint as true. *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (applying the 12(b)(6) standard to a motion made under 12(c)).

Mr. Fils-Aime, a Black male, began working "preload" for UPS in March of 2020. Dkt. 23-1 at 1. Shortly after he was hired, the manager of the "hub" where he worked told a lower-rank manager not to tell Mr. Fils-Aime that the starting time of his shift had changed to an earlier time. *Id.* Both managers

1

involved in the incident were white, and the hub manager later admitted that they took this action against Mr. Fils-Aime "in retaliation due to [him] filing grievances." Dkt. 23-1. As a result, he lost wages for the hours missed. *Id.*; dkt. 1 at 5. Later, when he made multiple requests for extra work, he was passed over for a lower seniority employee, "which was a violation of the current contract in place." Dkt. 1 at 5.

In July, Mr. Fils-Aime began training as a UPS driver but quickly started having problems with a white co-worker. *Id.* On at least one occasion, he reported to HR, his driving trainer, and the union representative that this co-worker had made a racially insensitive remark to him. *Id.* Instead of addressing the issue with the co-worker or acknowledging Mr. Fils-Aime's report, a member of UPS security asked Mr. Fils-Aime why he had been intimidating the co-worker and told him that there had been reports that Mr. Fils-Aime was a "threatening presence." *Id.*; dkt. 23-1 at 1–2. Also in July, the hub manager was "overly supervising [him] and stalking [him] around the hub in order to provoke an incident." Dkt. 1 at 5.

In August, Mr. Fils-Aime was called into the office and told that he had taken too long on his first day of driving his route alone, but that he could work his morning shift inside the hub. *Id.* However, when he went to the hub, wearing a face-covering that said, "I Can't Breathe," he was "immediately disqualified" from finishing his shift. *Id.* Finally, in September, Mr. Fils-Aime was terminated "during one of [his] bouts of clinical depression which [he] informed [his] manager as to why [he] would not be into work." *Id.* He was told

that his manager did not receive his emails or texts.  Dkt. 23-1 at 2; dkt. 1 at 5.

In October of 2020, Mr. Fils-Aime filed an Equal Employment Opportunity Commission Charge of Discrimination against UPS alleging, "I believe I have been discriminated against and terminated due to my Race/Color (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended or in retaliation for engaging in protected activity."  Dkt. 23-1.  After receiving a right to sue letter from the EEOC, he filed this case, alleging violations of both Title VII and the Americans with Disabilities Act.  Dkt. 1.  UPS has moved for judgment on the pleadings as to Mr. Fils-Aime's ADA claim, arguing that he did not exhaust that claim by raising it to the EEOC.  Dkt. 23.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings after the complaint and answer have been filed by the parties.[1]  To survive a motion for judgment on the pleadings, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

---

[1] A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6).  *Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017).

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 616.

When ruling on a Rule 12(c) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.*

### III.
### Analysis

The Americans with Disabilities Act makes it unlawful to discriminate against employees "on the basis of disability." 42 U.S.C. §12112; *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 853 (7th Cir. 2015). Before bringing a disability discrimination lawsuit under the ADA, a plaintiff must first exhaust administrative remedies with the EEOC. *Carlson v. Christian Bros. Servs.*, 840 F.3d 466, 467 (7th Cir. 2016). Here, UPS argues that Mr. Fils-Aime did not exhaust administrative remedies for a disability discrimination claim because he did not assert such a claim in his charge filed with the EEOC. Dkt. 24 at 1. Mr. Fils-Aime has not responded to the motion filed by UPS.

4

An ADA claim may be brought in a lawsuit only if it was first included in the EEOC charge or is "reasonably related to, or can be inferred from, the allegations in the charge." *Elliott v. Dedelow*, 115 Fed.Appx. 881, 883 (7th Cir. 2004) (citing *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). Claims are "reasonably related" when "(1) 'there is a reasonable relationship between the two allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (quoting *Cheek*, 31 F.3d at 500); *see also Elliot*, 115 Fed.Appx. at 883. The relevant claim and the EEOC charge "must, at minimum, describe the same conduct and implicate the same individuals." *Chaidez*, 937 F.3d at 1005 (quotation omitted).

Here, Mr. Fils-Aime's EEOC charge alleges retaliation and discrimination based on race. Dkt. 23-1. Mr. Fils-Aime alleges that was told he was being terminated for being a no call/no show without communication to UPS when he had emailed and texted his manager. *Id.* He concludes: "I believe I have been discriminated against and terminated due to my Race/Color (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended or in retaliation for engaging in protected activity" *Id.* at 2.

In contrast, Mr. Fils-Aime's complaint adds ADA discrimination and failure to accommodate allegations. Dkt. 1 at 2, 4–5. To support his ADA claim, he states that he was terminated during a "bout[] of clinical depression" even though he had informed his manager by email and text that he would not

be able to make it to work due to his depression. *Id.* at 5. But the EEOC charge contains no reference to depression or any disability. Dkt. 23-1. Nor did Mr. Fils-Aime check the box on the EEOC charge for discrimination based on "disability." *See id.* Therefore, the ADA claim set forth in Mr. Fils-Aime's complaint exceeds the scope of the EEOC charge.

The facts of this case are like the facts in *Elliot v. Dedelow* where the plaintiff's EEOC charge alleged racial discrimination "but nowhere mentions the ADA or his own particular disability." 115 Fed.Appx. at 883. As a result, the ADA's "exhaustion standards were not met." *Id.* Like the EEOC charge in *Elliot*, Mr. Fils-Aime's EEOC charge references only race discrimination and retaliation. Dkt. 23-1. Mr. Fils-Aime has not responded to the motion for judgment on the pleadings and it is not apparent to the Court how his ADA claims are reasonably related to or can be expected to grow out of an EEOC investigation of the Title VII charge alleging racial discrimination and retaliation.

The EEOC charge therefore did not give UPS "some warning of the conduct about which the employee is aggrieved" or afford "the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). Mr. Fils-Aime's ADA claim is therefore dismissed.

**IV.**
**Conclusion**

UPS's motion for judgment on the pleadings as to Mr. Fils-Aime's ADA

claim is **GRANTED**.  Dkt. [23].  Mr. Fils-Aime's ADA claim is **DISMISSED**.

**SO ORDERED.**

Date: 2/25/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PIERRE-HENRI FILS-AIME
2727 E. 55th St.
P.O. Box 55369
Indianapolis, IN 46220

Allison Louise Goico
DINSMORE & SHOHL, LLP (Cincinnati)
allison.goico@dinsmore.com

Krysta Kaye Gumbiner
DINSMORE & SHOHL LLP
krysta.gumbiner@dinsmore.com

Ya Li
DINSMORE & SHOHL LLP
ya.li@dinsmore.com