UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PIERRE-HENRI FILS-AIME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01828-JPH-TAB |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS,
DISMISSING CASE, AND DIRECTING ENTRY OF FINAL JUDGMENT**

Pierre-Henri Fils-Aime alleges that his former employer, UPS, Inc.,

violated Title VII when it fired him.  Mr. Fils-Aime has filed a motion for

sanctions against Defendant UPS's counsel.  In response, UPS has filed a

motion for sanctions against Mr. Fils-Aime, asking the Court to dismiss his

case.  Mr. Fils-Aime has not responded to UPS's motion.  For the reasons that

follow, UPS's motion is **GRANTED**, dkt. [53] and Mr. Fils-Aime's motion is

**DENIED**, dkt. [51].

## I.
## Facts and Background

Mr. Fils-Aime filed this case against UPS in June 2021.  Dkt. 1.  In

December 2021, the court entered a case management plan that informed the

parties that "[f]ailure to comply with an Order of the Court may result in

sanctions for contempt, or as provided under Rule 16(f), to and including

dismissal or default."  Dkt. 35 at 11.

1

On June 9, 2022, UPS's counsel informed Mr. Fils-Aime by email that several of his responses to its first set of interrogatories and requests for production were non-responsive and requested that he supplement them by June 24.  Dkt. 53-1 at 7.  The parties also had a call scheduled for June 10. *Id.*  Mr. Fils-Aime replied on June 10,

> Thank you. I can save you the trouble now, I answered the interrogatories as needed. Nothing will change on my end. Whatever recourse from the courts you hope to pursue, I encourage you to do so as my response will not change. In terms of release, my medical records are protected by HIPAA so unless you'd have some kind of court order, mandate, or subpoena in the form of an official authorization compelling me to do as such, you have your answers. Again, if you feel the need to cancel our call today, I have no issue with it as you already have the response you are going to receive. Also, I produced the documents that will be produced at this time. You don't have to wait until June 24th as you already have the answering I'm going to give you today, June 10th 2022. Thank you.

*Id.* at 6.  The June 10 call proceeded as planned and UPS followed up with Mr. Fils-Aime: "You indicated that you would produce the above requested documents only in response to a Court order requiring you to do so. UPS will therefore be seeking recourse from the Court to compel further production."  *Id.* at 5.  UPS's counsel then attempted to confer with Mr. Fils-Aime to schedule a discovery conference and told him that she had offered several possible dates to the Court.  *Id.* at 2–4.  Mr. Fils-Aime responded on June 21,

> If you want to have a Discovery Conference, you're going to to [*sic*] file an amendment to the original Case Management Plan which I will not agree to . . . So no Ms Li, I will not be at a conference for Discovery unless the courts compel me to be there. Thank you.

2

*Id.* at 2.

On June 23, UPS filed motions to compel discovery responses, dkt. 46, and to extend the case management plan deadlines, dkt. 47. On June 24, Magistrate Judge Baker scheduled a telephonic status conference for July 18. Dkt. 48. Judge Baker ordered Mr. Fils-Aime to respond to UPS's motions by July 11 and to appear for the July 18 telephonic status conference. *Id.* Mr. Fils-Aime did not follow either instruction. Dkt. 50. On July 22, the Judge Baker granted the motion to compel and ordered Mr. Fils-Aime to respond to UPS's discovery requests by August 5. *Id.* at 3. Judge Baker also ordered Mr. Fils-Aime to show cause why he should not be sanctioned for failing to appear at the conference[1] and warned him that failure to take either action may result in the dismissal of his case. *Id.*

Mr. Fils-Aime did not respond to the Court's July 22 order. Instead, on August 1, he filed a motion for $5,000 in sanctions against UPS's counsel for making "repeated false statements during these proceedings" including that he had worked "very little overtime" and that he had tried to cancel the June 10 call. Dkt. 51 at 1. He also argued that he had responded to UPS's discovery requests but opposing counsel was trying "to bully [him] into giving the responses that they desire while using the courts as a mechanism to do so." *Id.* at 2. He provided no explanation for his failure to appear, nor did he

---

[1] Judge Baker noted that Mr. Fils-Aime had also failed to appear for an initial pretrial conference in December 2021 until he had been contacted directly by the Court. Dkt. 50 at 1 n.1.

indicate that he had taken any steps to comply with the court order compelling him to respond to UPS's discovery requests. *Id.*

UPS responded by moving for sanctions under Federal Rule of Civil Procedure 37(b)(2)(A). Dkt. 53. UPS argues that dismissal is an appropriate sanction for Mr. Fils-Aime's "persistent failure to comply with his Court-ordered discovery obligations." *Id.* at 1.

## II.
## Applicable Law

"Federal Rule of Civil Procedure 37(b)(2)(A)(v) authorizes a range of sanctions, including the dismissal of a suit, for a party's failure to comply with the court's discovery orders." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). UPS has moved for dismissal of this case as a sanction against Mr. Fils-Aime. Dkt. 53. He has not responded to that motion.

"[S]anctions, including dismissal, must be proportionate to the circumstances." *Ebmeyer v. Brock*, 11 F.4th 537, 547 (7th Cir. 2021). Because dismissal with prejudice is a grave consequence for litigation misconduct, Rule 37 motions "warrant[] the careful exercise of the court's discretion." *Ramirez*, 845 F.3d at 779. And while "even those who are *pro se* must follow court rules and directives," *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012), the "need for the district court to exercise discretion in deciding among alternative sanctions" is especially great when a plaintiff is proceeding *pro se*. *Ebmeyer*, 11 F.4th at 547.

"Dismissal under Rule 37 must be supported by fault, as shown by 'extraordinarily poor judgment' or 'gross negligence,' rather than mere mistake or inadvertence." *EEOC v. Wal-Mart Stores, Inc.*, 46 F.4th 587, 599 (7th Cir. 2022) (quoting *Ramirez*, 845 F.3d at 776).  "In civil cases, the facts underlying a district court's decision to dismiss the suit . . . as a sanction under Rule 37 . . . need only be established by a preponderance of the evidence." *Ramirez*, 845 F.3d at 781.

Here, Mr. Fils-Aime was put on notice in December 2021 that failure to comply with Court orders could result in sanctions, including dismissal of his case.  Dkt. 35 at 11.  By that point he had already failed to timely appear for a court-ordered conference call.  *See* dkt. 50 at 1 n.1; dkt. 34.  UPS's counsel later informed him that she believed his discovery responses were lacking and attempted to resolve the issue without the Court's involvement.  Dkt. 51-3 at 7.  Mr. Fils-Aime responded that "[w]hatever recourse from the courts you hope to pursue, I encourage you to do so as my response will not change."  *Id.* at 6.  UPS did so, dkt. 46, and Judge Baker set the matter for a call and ordered Mr. Fils-Aime to respond to UPS's motion to compel discovery responses by July 11.  Dkt. 48.  Mr. Fils-Aime never responded.  Nor did he appear for the July 18 status conference call.  Dkt. 50.  Judge Baker then granted the motion to compel, gave Mr. Fils-Aime until August 5 to respond to the discovery requests, and ordered him to show cause why he should not be sanctioned for his failure to appear.  *Id.*  Mr. Fils-Aime never responded.

"Fault" in the context of a Rule 37 motion does not require a showing of intent but involves "extraordinarily poor judgment" or "gross negligence" rather than mere "mistake or carelessness." *Williams v. Wahner*, 714 Fed. App'x 601, 604 (7th Cir. 2018) (quoting *Ramirez*, 845 F.3d at 776).  The record shows that Mr. Fils-Aime knew how to access the public court docket in this matter, dkt. 53-1 at 2, and he has offered no argument that he was unaware of the relevant deadlines, *see* dkt. 51.  Therefore, the record does not support a conclusion that Mr. Fils-Aime's conduct was the result of "mistake or carelessness." *Ramirez*, 845 F.3d at 776.  Instead, the record shows by a preponderance of the evidence that Mr. Fils-Aime exercised "extraordinarily poor judgment" and acted with "gross negligence" when he repeatedly failed to meet his court-ordered discovery obligations despite clear warnings that failure to do so may result in sanctions as severe as dismissal.  He has not offered any explanation for his conduct when given the chance.

While Mr. Fils-Aime argues that UPS's counsel should be sanctioned for "bullying" him into getting the discovery responses it wants, dkt. 51, Mr. Fils-Aime firmly refused to supplement his responses without a court order compelling him to do so.  The fact that he later disregarded such an order—which also warned him that failure to reply could result in dismissal—is further evidence of "extraordinarily poor judgment." *Ramirez*, 845 F.3d at 776; *cf. Ebmeyer*, 11 F.4th at 546–47 (reversing dismissal where the record contained "no apparent pattern of delay or contumacious conduct" by the *pro se* plaintiff who had "been complying with the court's orders and deadlines as

the litigation progressed.").  Therefore, the Court finds that Mr. Fils-Aime's conduct is sanctionable under Rule 37 and that dismissal is an appropriate and proportionate sanction.  Mr. Fils-Aime's pattern of conduct gives the Court no reason to believe he would not be similarly obstructive if given the opportunity to litigate these claims again.  Therefore, dismissal will be **with prejudice**.

The Court has considered whether lesser sanctions would be appropriate in this case.  Because Mr. Fils-Aime is proceeding *in forma pauperis*, "financial sanctions . . . could not work."  *Rivera v. Drake*, 767 F.3d 685, 687 (7th Cir. 2014).  Further, other discovery-related sanctions as described in Rule 37(b)(2)(A) such as striking pleadings or accepting UPS's version of the facts as true, would not be effective here because Mr. Fils-Aime's failures to comply have resulted in UPS's inability to fully determine what the facts are or file relevant motions.  *See id.* (considering other Rule 37 sanctions but agreeing with the district court that they would not fix the problem).  Finally, the record shows that warnings from the Court have not had the desired effect of causing Mr. Fils-Aime to comply with his discovery obligations or respond to court orders.

## IV.
## Conclusion

Therefore, UPS's motion is **GRANTED**, dkt. [53], and Mr. Fils-Aime's motion is **DENIED**, dkt. [51].  This case is **DISMISSED with prejudice**.  The motion for assistance with recruitment of counsel is **DENIED as moot**.  Dkt. [52].

Final judgment consistent with this order and the order granting defendant's motion for judgment on the pleadings, dkt. 39, shall issue by separate entry.

**SO ORDERED.**

Date: 11/16/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PIERRE-HENRI FILS-AIME
2727 E. 55th St.
P.O. Box 55369
Indianapolis, IN 46220

Allison Louise Goico
DINSMORE & SHOHL, LLP (Cincinnati)
allison.goico@dinsmore.com

Krysta Kaye Gumbiner
DINSMORE & SHOHL LLP
krysta.gumbiner@dinsmore.com

Ya Li
DINSMORE & SHOHL LLP
ya.li@dinsmore.com